FIGARI LAW
BARBARA E. FIGARI SBN 251942
407 San Anselmo Avenue, Suite 203
San Anselmo, CA 94960
T. 415.235.2100
F. 415.963.4301
Email: Barbara@figarilaw.com

LAW OFFICES OF LAWRENCE A. ORGAN
LAWRENCE A. ORGAN SBN 175503
COLLIN R. MOORE SBN 271143
407 San Anselmo Avenue, Suite 201
San Anselmo, CA 94960
T. 415.453.4740
F. 415.453.4777
Email: Larryaorgan@gmail.com

Attorneys for PLAINTIFF LESLIE MILLER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE MILLER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BIMBO BAKERIES USA, INC., MARK MCSWEENE, an Individual, TIM MUCK, an Individual, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | CASE NO: 3:11-CV-00378-WHA<br><br>**PLAINTIFF LESLIE MILLER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Judge:　The Hon. William H. Alsup<br>Hearing Date:　April 7, 2011<br>Hearing Time:　2:00 p.m. |

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF RELEVANT FACTS ............................................................................ 1

III. LEGAL ARGUMENT ....................................................................................................... 3

   a.  The Removal Statute is Narrowly Construed, and Any Doubt Must Be Resolved in Favor of Remand. ............................................................................................................... 4

   b.  The Ninth Circuit Has Repeatedly Held That Section 301 of the LMRA Does Not Preempt an Employee's Action Based on Substantive Rights Conferred by State Law. .... 5

   c.  The LMRA Does Not Preempt Actions Brought Under the FEHA Because Plaintiff's Rights Under the FEHA Exist Independently of Any CBA. ............................................... 5

   d.  Plaintiff's Right To Be Free From Retaliation is Created by the FEHA, Not By Defendant's Collective Bargaining Agreement. ................................................................ 6

   e.  Whether Defendant's Decision to Change Plaintiff's Route Constitutes an "Adverse Employment Action" Under the FEHA – Not the CBA. .................................................. 8

   f.  California Has Articulated a Clear Standard for Evaluating Plaintiff's FEHA Retaliation Claim Without Considering Potentially Overlapping CBA Provisions. .............................. 9

   g.  Plaintiff is Entitled to Costs and Attorney's Fees Incurred in Moving to Remand this Action. ................................................................................................................................. 9

IV. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Federal Statutes**

28 U.S.C. § 1441 .................................................................................................................. 4

28 U.S.C. § 1447(c) ............................................................................................................. 9

29 U.S.C. § 141, *et seq.* ...................................................................................................... 3

**United States Supreme Court Cases**

*Allis-Clamers Corp. v. Lueck* 471 U.S. 202 (1985) ............................................................ 3

*Caterpillar v. Williams*, 482 U.S. 386, 394 (1987) ............................................................. 6

*Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246 (1994) ...................................................... 5

*Lingle v. Norge Div. of Magic Chef, Inc.* 486 U.S. 399 (1988) .......................................... 3

*Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) .......................... 6

*Livadas v. Bradshaw*, 512 U.S. 107, 122-124 (1994) ........................................................ 6

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 .......................................................... 4

**Federal Cases**

*Audette v. ILWU*, 195 F.3d 1107 (9th Cir. 1999) ............................................................... 7

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) ...... 7

*Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir.1989) ...................... 6

*Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir.1990) ................................... 6

*Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 690 (9th Cir. 2001) ......... 6, 7, 8

*Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 -1204 (9th Cir. 2007) ......................... 6

*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ...................................................... 4

*Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 644 (9th Cir.1989) ............................... 6

*Jimeno v. Mobil Oil Corp.,* 66 F.3d 1514, 1526 (9th Cir. 1995) ........................................ 9

*Miller v. AT&T Network Systems* 850 F.2d 543 (9th Cir. 1988) ................................... 3, 5

*Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 748-49 (9th Cir.1993) .................. 6

**State Statutes**

Cal. Govt. Code § 12940(h) ................................................................................................................. 8

**State Cases**

*Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 1054 (Cal. 2005) ........................................... 8, 9

I.   **INTRODUCTION**

Plaintiff Leslie Miller ("Plaintiff") filed purely state-law harassment, discrimination and retaliation claims in Marin County Superior Court. Defendants removed the action, alleging that Plaintiff's claims were preempted by Federal labor law because they purportedly require interpretation of a collective bargaining agreement ("CBA"). Plaintiff requests that this action be remanded to state court because her claims do not require interpretation of a CBA, and, as both the United States Supreme Court and the Ninth Circuit have made clear, a defendant's reliance on a CBA to justify its actions does not mean that "complete preemption" exists. An argument in reliance on a CBA may provide a defense in state court, but it does not confer federal subject matter jurisdiction as a basis for removal. Plaintiff's claims are based entirely on California state law (California's Fair Employment and Housing Act "FEHA"), do not rely on any provision of the CBA, and can be litigated without interpretation of it. Accordingly, remand is required.

II.   **STATEMENT OF RELEVANT FACTS**

Plaintiff began her current employment with Bimbo Bakeries USA in September 2003 as a Route Sales Representative. Plaintiff is responsible for ordering and delivering different bread products to various grocery stores along her route. Plaintiff works out of the Bimbo Bakeries depot in San Rafael, California, the location she was first assigned to in May 2007. Plaintiff is the only female employee assigned to the San Rafael location, and almost immediately after beginning her route out of San Rafael, began to experience sexually harassing behavior from multiple male coworkers, including the individual defendants in this case.

Specifically, Plaintiff has alleged that she was subjected to harassing behavior including:

- Sexual advances and sexual propositions;
- Sabotage of Plaintiff's truck seat, whereby it fell while Plaintiff was driving and forced Plaintiff to drive standing up down a busy thoroughfare in San Rafael;
- Daily "games," wherein coworkers will remove Plaintiff's work equipment and/or personal belongings from her truck or work cubby;

- Repeated soiling of the female restroom in the depot, including urine and feces spread over surfaces such as the walls and sink (Plaintiff is the only female in the depot);
- "Pinning in" of Plaintiff's work vehicle with garbage, tree branches, or other vehicles so that Plaintiff cannot begin her route;
- Changing orders for stores in Plaintiff's route, such that excessive amounts of product were ordered, and subsequently, wasted;
- Locking Plaintiff out of the depot during normal work hours;
- Violently shoving equipment at Plaintiff.

Plaintiff has alleged that all of the conduct described above has created a hostile work environment based on Plaintiff's gender, as Plaintiff is the only female employee in the depot, and the only employee towards which such conduct is directed.

On March 9, 2009, Plaintiff complained to her supervisor and a representative from Human Resources about the sexual harassment. The next day, Plaintiff's route was changed, such that she lost a stop at a Safeway store along her route. Because Plaintiff is paid on a commission basis, losing a stop – a store to sell and deliver bread products – meant losing income. Plaintiff continued to make detailed complaints about the harassment described above but in July 2009 was forced to take leave due to the stress and anxiety she experienced as a result of her working environment.

When Plaintiff returned from leave in June 2010, the sexual harassment began almost immediately. Again, Plaintiff was subjected to the same type of harassment described above, and again, her numerous complaints were ignored. The harassment is continuing, even at the present time, and Defendant has continued to fail to investigate, discipline, or take any remedial measures to ensure Plaintiff has a safe working environment.

On November 17, 2010, Plaintiff filed this action in the Superior Court of California, County of Marin. Plaintiff alleged four causes of action against her current employer, Bimbo Bakeries, namely (1) sexual harassment in violation of the FEHA, (2) sex discrimination in violation of the FEHA, (3) failure to prevent harassment and discrimination in violation of the

1  FEHA, and (4) retaliation in violation of the FEHA.  In addition, Plaintiff named two of her
2  coworkers, Mark McSweene and Tim Muck, as individual defendants with respect to her claim
3  of sexual harassment.
4       Defendant filed a Notice of Removal on January 26, 2011, alleging that Federal law, the
5  Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, *et seq.,* completely
6  preempts Plaintiff's state law cause of action for retaliation.  Defendant bases this assertion on a
7  single sentence in the CBA, which states "[R]oute reorganization and transfers will be done
8  because of good faith business reasons and will not be used to retaliate against any employee."
9  (Exh. D to Defendant's Notice of Removal, § 12 at 21).  Defendants have asserted, in essence,
10 that their defense to Plaintiff's fourth cause of action for retaliation completely preempts all of
11 Plaintiff's claims that Defendants violated various provisions of California's FEHA.  As
12 discussed below, and as expressly held by the United States Supreme Court and the Ninth
13 Circuit, this Court lacks subject matter jurisdiction over Plaintiff's state-law FEHA claims, and
14 Defendants' reliance on the CBA as a defense to one cause of action does not confer federal
15 subject matter jurisdiction over this action.

16     **III.    LEGAL ARGUMENT**
17      It is well settled that FEHA harassment, discrimination and retaliation claims are not
18 preempted by § 301 of the LMRA.  The test for preemption, regardless of the nature of the state
19 law claim, is whether resolution of that claim requires interpretation of the collective bargaining
20 agreement ("CBA").  *Lingle v. Norge Div. of Magic Chef, Inc.* 486 U.S. 399 (1988), *Allis-*
21 *Clamers Corp. v. Lueck* 471 U.S. 202 (1985), *Miller v. AT&T Network Systems* 850 F.2d 543 (9th
22 Cir. 1988).
23      Resolution of this case does not require interpretation of the CBA.  On the contrary,
24 resolution of this case only requires interpretation of California's FEHA.  It is the FEHA – not
25 Defendant's CBA – which created Plaintiff's right to be free from retaliation in the workplace,
26 and the case law is clear that, accordingly, this Court lacks jurisdiction over these claims.
27      Ignoring that Plaintiff filed purely state law anti-harassment and discrimination claims
28 under a California statute that guarantees all employees covered by it the unwaivable and non-

3

PLAINTIFF LESLIE MILLER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND

negotiable right to freedom from harassment, discrimination and retaliation, Defendants' removal notice asserts that Plaintiff's claim for retaliation "requires interpretation of the CBA." (Removal Notice 4:14-15).  Tellingly, Defendants cite to only one case in support of removal of this action, involving a group of employees who alleged that an employer's violation of a settlement agreement – which explicitly referenced the CBA and directed the agreement be interpreted in accordance with the CBA – constituted retaliation.  In short, Defendants' only legal authority for removing this action is a breach of contract claim based upon a CBA.

Notably, Defendants do not cite a single case that holds what they claim the law to be: that a CBA can preempt a state statutory anti-harassment, discrimination and retaliation law that is deemed by the state to be non-negotiable and unwaivable as a matter of public policy.

### a. The Removal Statute is Narrowly Construed, and Any Doubt Must Be Resolved in Favor of Remand.

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  The Court must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

In this case, federal subject matter jurisdiction does not exist and remand is required for at least two independent reasons. **First**, Plaintiff's purely state law claims under the California FEHA – which the Ninth Circuit has held grants employees non-negotiable and unwaivable statutory rights – are not preempted by the LMRA. **Second**, any preemption arguments made by Defendants do not inhere to the nature of Plaintiff's claims – they are merely defensive in nature. Defensive preemption, unlike "complete preemption," does not support federal removal jurisdiction because Plaintiff's underlying claim is not federal in character.  Accordingly, remand is required in this action.

### b. The Ninth Circuit Has Repeatedly Held That Section 301 of the LMRA Does Not Preempt an Employee's Action Based on Substantive Rights Conferred by State Law.

Removal jurisdiction based on section 301 of the LMRA requires that the district court find that the plaintiff's state law claims are, in fact, substantively preempted by section 301. If there is no substantive preemption, there is no "complete preemption" as required for removal jurisdiction. The Ninth Circuit has repeatedly held that state law FEHA claims, like Miller's, are not substantively preempted by section 301 using a three part test.

Specifically,

> "in deciding whether a state law is preempted under section 301, therefore, a court must consider (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes' and the answer to either the second or third is 'no.'"

*Miller v. AT&T Network Systems*, 850 F.2d 543, 548 (9th Cir. 1988).

As shown below, in this case, the answer to the first question is "no" and the answer to both the second and third questions is "yes." Thus, remand is required because Plaintiff's state law claims are not preempted by the LMRA.

### c. The LMRA Does Not Preempt Actions Brought Under the FEHA Because Plaintiff's Rights Under the FEHA Exist Independently of Any CBA.

The United States Supreme Court has expressly held that state law claims are not preempted if they involve rights and obligations that exist independently of the CBA. *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246 (1994). In that case, the employee brought state law claims for wrongful termination in violation of Hawaii's Whistleblower Protection Act. In evaluating whether rights and obligations exist independently of the CBA, the Court rejected the employer's argument that resort to the CBA was necessary to determine whether the plaintiff had been discharged for cause, emphasizing that purely factual questions relating to either an employee or employer's conduct and motives require no interpretation of a CBA.

1  Indeed, section 301 of the LMRA preempts only "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Caterpillar v. Williams*, 482 U.S. 386, 394 (1987). More recently, the Court explained "that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law, and…that it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement…that decides whether a state cause of action may go forward. *Livadas v. Bradshaw*, 512 U.S. 107, 122-124 (1994). Or, as the Ninth Circuit aptly stated, the Supreme Court has "held that states may provide substantive rights to workers that apply without regard to a CBA; a state court suit seeking to vindicate these rights is preempted only if it 'requires the interpretation of a collective-bargaining agreement.'" *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 690 (9th Cir. 2001) *quoting Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) [involving individual tort claims under California law].

### d. Plaintiff's Right To Be Free From Retaliation is Created by the FEHA, Not By Defendant's Collective Bargaining Agreement.

The Ninth Circuit has made clear that the LMRA does not have some general preemptive affect with respect to claims made under FEHA. See *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748-49 (9th Cir.1993) (finding no preemption of a FEHA national origin discrimination claim); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir.1990) (finding no preemption of a FEHA religious discrimination claim); *Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 644 (9th Cir.1989) (finding no preemption of a FEHA racial discrimination claim); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir.1989) (finding no preemption of a FEHA age discrimination claim). Indeed, even in the context of a FEHA discrimination and retaliation claim, the Ninth Circuit has determined that a defense under the LMRA (namely failure to exhaust grievance procedures) did not provide a basis for preemption pursuant to section 301 of the LMRA. *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 - 1204 (9th Cir. 2007).

1       Following the Supreme Court's framework, the Ninth Circuit made clear in *Cramer* that it is the plaintiff's claims that control the preemption analysis.  The need to interpret the CBA must inhere to the nature of the plaintiff's claims; that the defendant advances some "creative linkage" between the plaintiff's claims and the CBA is not enough: "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.  A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility. [citation omitted.].  The argument does not become credible simply because the court may have to consult the CBA to evaluate it; 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Cramer*, 255 F.3d at 691-692.  In *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000), a case involving the wage and hour provisions of the California Labor Code, the Ninth Circuit stated that "we have stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly – it means something more than 'consider,' 'refer to,' or 'apply.'"

      In this case, Defendants have attempted to do exactly what is prohibited by *Cramer* – attempt to establish complete preemption of Plaintiff's four state statutorily-based claims through a "creative linkage" of the CBA to one.  Notably, Defendant does not allege that there is any disputed language in the CBA which requires interpretation by this Court.  Instead, Defendant argues that because the CBA states that route changes should not be used to retaliate against employees, complete preemption is appropriate.  Defendant cites to only one case in its Notice of Removal, and it is a case which – from the face of Plaintiff's complaint – pointed to and required interpretation of the CBA, which was cited and relied upon in the settlement agreement that was the subject of the underlying breach of contract claim.  *Audette v. ILWU*, 195 F.3d 1107 (9th Cir. 1999).  Therefore, *Audette* is factually distinguished from the instant case where no interpretation of the CBA is identified or needed to resolve the sexual harassment and retaliation claims.

      In this case, Plaintiff's rights arise directly from California's FEHA.  Specifically, Plaintiff's right to be free from retaliation pursuant to the FEHA will rise or fall based upon

whether Defendant's route changes constitute an "adverse employment action" pursuant to the FEHA – not the CBA.

### e. Whether Defendant's Decision to Change Plaintiff's Route Constitutes an "Adverse Employment Action" Under the FEHA – Not the CBA.

Defendant seeks complete preemption on the sole basis that the CBA instructs employees not to change and employee's route as an act of retaliation. The CBA does not confer any rights to Plaintiff – it simply tells employees not to take action that is already prohibited by California's FEHA. Plaintiff's right to be free from retaliation in the workplace arises solely from the FEHA. (Cal. Govt. Code § 12940(h)). The question in this case is whether a route change that negatively affects Plaintiff's monthly income constitutes an adverse employment action pursuant to the FEHA.

In order to determine whether an adverse employment action has occurred , the trier of fact will consider whether Defendants' conduct in removing stops from Plaintiff's route constitutes conduct that materially affects the terms, conditions, or privileges of employment in some negative way. *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 1054 (Cal. 2005). This determination hinges upon whether – pursuant to the FEHA, not the CBA – such conduct constitutes an adverse employment action. Accordingly, even reference to the CBA – much less actual interpretation – is unnecessary to resolve Plaintiff's claim for retaliation in violation of the FEHA. Moreover, Defendant has not pointed to a single provision in the CBA that is disputed, and in need of interpretation. Because Plaintiff's FEHA "right is defined and enforced under state law without reference to the terms of any collective bargaining agreement," this "creative linkage between the subject matter of the claim and the wording of a CBA provision" is insufficient to preempt Plaintiff's non-negotiable statutory rights under the FEHA. *Cramer*, 255 F.3d at 692. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's retaliation claim, and thus, remand is appropriate.[1]

---

[1] Defendants do not contend that federal subject matter jurisdiction exists over Plaintiff's claim for sexual harassment or gender discrimination. Defendants claim that subject matter jurisdiction extends only to Plaintiff's claim for retaliation, and that supplemental jurisdiction should be exercised over Plaintiff's dominant claims.

1  **f. California Has Articulated a Clear Standard for Evaluating Plaintiff's FEHA Retaliation Claim Without Considering Potentially Overlapping CBA Provisions.**

The Ninth Circuit has articulated that "[E]ven if we were to conclude that the CBA governs the actions giving rise to [Plaintiff's] suit, (the first *Miller* question), to be successful [Defendants] must demonstrate that the state right is not based on a sufficiently clear standard (the second *Miller* question), so that the discrimination claim is so intertwined with the operation of the CBA that it cannot be assess without consideration of the CBA's overlapping provisions." *Jimeno v. Mobil Oil Corp.,* 66 F.3d 1514, 1526 (9th Cir. 1995).

In this case, as noted above, Plaintiff's right to be free from retaliation arises from the FEHA, not the CBA – i.e., the answer to the first *Miller* question in this case is "no." However, even if the Court reached an opposite result, California has articulated a clear standard under the FEHA – the *Yanowitz* standard described above – as the basis for evaluating FEHA retaliation claims. Thus, reference to the CBA is not necessary, and Plaintiff's claim for FEHA retaliation may be evaluated pursuant to the clear standard articulated in *Yanowitz* and its progeny.

**g. Plaintiff is Entitled to Costs and Attorney's Fees Incurred in Moving to Remand this Action.**

Pursuant to 28 U.S.C. § 1447(c), "[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Accordingly, in this case, Defendants' attempt to remove this case to federal court in by using the exact type of "creative linkage" disavowed by the Ninth Circuit over a decade ago, should be met with the consequence of providing Plaintiff with the attorney's fees incurred in filing this motion for remand. Specifically, Plaintiff should be permitted to recover $1,072.50 in attorney's fees for the 3.3 hours Plaintiff's counsel has spent opposing Defendant's improper removal to this Court.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court remand this entire action and all causes of action to the Superior Court for the State of California, in and for the County of Marin, and award Plaintiff attorney's fees in the amount of $1,072.50.

Dated:  February 25, 2011                    Respectfully Submitted,

LAW OFFICES OF LAWRENCE A. ORGAN
FIGARI LAW

/s/ Barbara Figari
LAWRENCE A. ORGAN, ESQ.
BARBARA E. FIGARI, ESQ.

Attorneys for Plaintiff LESLIE MILLER

PLAINTIFF LESLIE MILLER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND