IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>BIMBO BAKERIES USA, INC., MARK MCSWEENEY, and TIM MUCK,<br><br>    Defendants.<br>                                     / | No. C 11-00378 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

## INTRODUCTION

In this employment-discrimination action, plaintiff Leslie Miller moves to remand the action to state court. For the following reasons, the motion to remand is **GRANTED**.

## STATEMENT

Plaintiff Leslie Miller is a Route Sales Representative for defendant Bimbo Bakeries, USA. Plaintiff began her employment at Bimbo Bakeries in 2003. In 2007, she was assigned to work out of the Bimbo Bakeries Depot in San Rafael. Plaintiff is the only female employee at the San Rafael location. Plaintiff alleges that upon transferring to the San Rafael location, she immediately began to experience — and continues to experience — sexual harassment from multiple male co-workers, including individual defendants Mark McSweeney and Tim Muck. The harassing behavior allegedly included: sexual advances and propositions; sabotage of plaintiff's truck seat; removing plaintiff's work equipment or personal items from her truck or work cubby; soiling the women's restroom with urine and feces spread across surfaces such as the

1  walls and sink; "pinning in" plaintiff's vehicle so that plaintiff could not begin her route;
2  changing orders for stores in plaintiff's route, such that excessive amounts of product were
3  ordered, and violently shoving equipment at plaintiff. Plaintiff alleges that the behavior has
4  created a hostile work environment based on plaintiff's gender, as plaintiff is the only female
5  employee and the only employee subjected to such treatment.

6  In March 2009, plaintiff complained to her supervisor and a representative from human
7  resources about the harassment. Plaintiff alleges that, in retaliation for her complaint, her route
8  was changed, causing her to lose a store on her route. As plaintiff is paid on a commission basis,
9  this allegedly resulted in a loss of pay. Plaintiff alleges that the harassment forced her to take a
10 leave of absence, that when she returned from leave a year later, the harassment resumed, and that
11 the harassment continues unabated.

12 In November 2010, plaintiff filed this action in the Superior Court of California, County
13 of Marin, alleging four causes of action under the California Fair Employment and Housing Act:
14 (1) sexual harassment, (2) sex discrimination, (3) failure to prevent harassment and
15 discrimination, and (4) retaliation. Defendants removed the action on the basis that the retaliation
16 claim requires interpretation of the collective-bargaining agreement and is therefore preempted
17 under the Labor Management Relations Act of 1947. Plaintiff now moves to remand and requests
18 attorney's fees and costs.

### ANALYSIS

**A.  LABOR MANAGEMENT RELATIONS ACT PREEMPTION**

District courts have removal jurisdiction over all civil actions that present a claim arising under the laws, treaties or Constitution of the United States. 28 U.S.C. 1331, 1441(a)–(b). District courts have federal-question jurisdiction over all state-law claims in areas where federal law completely preempts state law. Section 301(a) of the Labor Management Relations Act completely preempts state causes of action based on alleged violations of contracts between employers and labor organizations. *See Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). The party asserting removal jurisdiction has the burden of persuasion to

show that the state-law claims are preempted. *See Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1526 n.6 (9th Cir. 1995).

The determinative issue for the instant motion to remand is thus whether Section 301(a) preempts plaintiff's state-law claims. A state-law claim is completely preempted by Section 301(a) only when application of state law to the claim requires interpretation of a collective-bargaining agreement. If a state-law dispute only tangentially involves a provision of a union contract, it is not preempted by Section 301(a). These preemption rules "promote the peaceable, consistent resolution" of collective-bargaining agreements. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404, 413 n.12 (1988). The complaint itself must require interpretation of the contract. Preemption does not arise when interpretation is required only by a defense. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). In short, two things are required for preemption: (1) the complaint depends upon a contractual provision subject to more than one plausible construction and (2) the claim cannot be resolved on the merits without choosing the correct interpretation of the contract and its application to the claim.

The parties agree that plaintiff's claims for sexual harassment, sex discrimination, and failure to prevent harassment are grounded in state law. The primary issue is whether plaintiff's fourth claim for retaliation requires interpretation of the collective-bargaining agreement between Bimbo Bakeries and plaintiff's union. If so, defendants argue, the claim is preempted by Section 301 of the Labor Management Relations Act of 1947.

Plaintiff's retaliation claim alleges that by changing plaintiff's route: "Defendant retaliated against plaintiff in response to plaintiff's ongoing opposition towards the illegal discrimination and harassment occurring in the workplace against her. Defendant retaliated in response to plaintiff's request that Defendant take action to prevent the discrimination and harassment from continuing to occur" (Compl. ¶ 64).

On its face, plaintiff's complaint does not present a federal question because it presents a state law cause of action and makes no reference to the collective-bargaining agreement. Defendants argue, however, that in order to resolve the retaliation claim, a jury would have to

interpret Section 12 of the CBA which stated: "Route reorganization and transfers will be done because of good faith business reasons and will not be used to retaliate against any employee."

Defendants argue that the pleading is "artfully pled" to omit reference to the CBA and that removal is proper because plaintiff's retaliation claim is "substantially dependent upon interpretation of the collective bargaining agreement" (Opp. 4). Relying on *Olguin v. Inspiration Consolidated Copper Co.*, defendants state that even if plaintiff's claim does not evoke a federal question on its face, the Court may still determine that plaintiff is "in reality" pursuing violations of the agreement. 740 F.2d 1468, 1470 (9th Cir. 1984). *Olguin* holds that where, as here, the CBA provides for arbitration as the exclusive remedy for employee grievances, "employees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement." *Id.* at 1472.

To determine whether a complaint is artfully pleaded, the Court may, in addition to considering the facts in the complaint, "look elsewhere to ascertain facts that would appear in a 'well pleaded' complaint." *Id.* at 1473. No such facts exist here, however. The mere existence of a collective-bargaining agreement does not compel preemption of plaintiff's state-law retaliation claim. "When the meaning of the terms of a collective bargaining agreement are not disputed, the mere fact that a collective bargaining agreement will be consulted in the course of state law litigation does not require preemption." *Niehaus v. Greyhound Lines, Inc.*, 173 F.3d 1207, 1212 (9th Cir. 1999).

Defendants argue that parties cannot use jury trials in state court to side-step or alter the negotiated terms of a labor contract (Opp. 6). This order finds that plaintiff is not "side-stepping" the CBA, because the retaliation claim can be adjudicated without interpreting the CBA. The retaliation claim is an independent claim that does not rely upon the CBA. As *Lingle v. Norge* held:

> [E]ven if dispute resolution[]pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.

486 U.S. at 4009–10. So too here.

4

1  Defendants argue that plaintiff's claim turns on Bimbo's alleged failure to act with good
2  faith business reasons and thus resolution of the issue requires interpretation of Section 12 and
3  "review of the overall organization plan of early 2009" (Opp. 9). This argument fails.

4  Plaintiff must prove retaliation. To answer this charge, defendants may try to show non-
5  retaliatory motives, such as a good-faith business reason. This could be done (and would be an
6  expected litigation avenue) whether or not the CBA referenced such a notion. Plaintiff's
7  retaliation claim is anchored in California state law that is independent of the CBA. No CBA can
8  immunize conduct that is illegal under state law. *See Ramirez*, 998 F.2d at 749.

9  *Audette v. International Longshoremen's and Warehousemen's Union* is distinguishable.
10  195 F.3d 1107 (9th Cir. 1999). In *Audette*, plaintiff union employees alleged a settlement
11  agreement between their union and employer was breached in retaliation and based on gender
12  discrimination. The court held the claims were preempted because determining whether the
13  settlement agreement was breached would require interpretation of the CBA. The settlement
14  agreement provided that the defendants did not need to perform certain terms of the agreement as
15  long as they had a legitimate business justification for why performance should not take place.
16  Here, there is no such reliance on the union contract. *Audette*, therefore, does not control.

17  Defendants attempt to distinguish the instant action from *Miller v. AT & T Network*
18  *Systems* on the grounds that "no contract terms are described in *Miller*" (Opp. 9). 850 F.2d 543
19  (9th Cir. 1988). This minor distinction cannot turn the tide.

20  Defendants also cite several non-binding decisions, none of which this order finds
21  persuasive. *See Chissie v. Winco Foods, LLC*, No. 2:09-cv-02915-MCE-KJM, 2010 WL 580987
22  (E.D. Cal. Feb. 12, 2010); *Dep't of Fair Emp't & Hous. v. Verizon Cal., Inc.*, 108 Cal. App. 4th
23  160 (2003); *McGowen v. Nestle Food Co.*, No. 1:06cv01212 AWI DLB, 2007 WL 173768 (E.D.
24  Cal. Jan. 19, 2007).

25  Lastly, defendants argue that recent Supreme Court precedent and federal labor policy
26  "bolster the case for LMRA preemption." Defendants base this argument on *14 Penn Plaza LLC*
27  *v. Pyett*, 129 S.Ct. 1456 (2009). While previous decisions prevented unions and employers from
28  agreeing to arbitrate discrimination claims, *Penn Plaza* found that a labor contract that clearly and

5

unmistakably waived the right to sue in court for statutory violations was enforceable. *Id.* at 1474. All true, but our question here is not arbitration *vel non* but whether plaintiff's retaliation claim can be properly resolved without interpreting the collective-bargaining agreement. This order finds that it can. The motion to remand is therefore **GRANTED**.

**B.    ATTORNEY'S FEES**

Plaintiff's motion for attorney's fees and costs in bringing the motion remains. Plaintiff requests $1072.50 in attorney's fees and costs. A district court may grant plaintiff attorney's fees and costs associated with bringing a motion to remand. 28 U.S.C. 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party ha[d] an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Plaintiff does not argue that any unusual circumstances exist in the instant action; nor does plaintiff argue that the reason for removal was unreasonable. The request for attorney's fees and costs is therefore **DENIED**.

**CONCLUSION**

The motion to remand is **GRANTED**. The request for attorney's fees is **DENIED**. The Clerk shall remand this action to the Superior Court of California, County of Marin.

**IT IS SO ORDERED.**

Dated: April 11, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6